IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TODD ELLISON,

Plaintiff,

v.

CHRISTINE M.T. LADNER,

Defendant.

Case No. 17-4025-DDC

**ORDER**

Defendant has filed a motion to stay discovery and other Rule 26 activities (ECF. No. 8) pending a ruling on her motion to dismiss (ECF No. 6). Plaintiff has informally notified the court that he does not oppose the requested stay.

It has long been the general policy in the District of Kansas not to stay discovery even if a dispositive motion is pending.[1] But four exceptions to this policy are recognized. A discovery stay may be appropriate if: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to the defendant's immunity from suit.[2] The decision whether to stay discovery rests

[1] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[2] *Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297–98 (D. Kan. 1990)); *Siegert v. Gilley*, 500 U.S. 226, 232–33 (1991) ("'Until this *threshold* immunity question is resolved, discovery should not be allowed.'" (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (emphasis in original)).

in the sound discretion of the district court.[3] As a practical matter, this calls for a case-by-case determination.

Upon review of the instant motion and the pending motion to dismiss, the court concludes that a stay of all pretrial proceedings, including discovery and the scheduling of deadlines, is warranted until the court resolves defendant's pending dispositive motion. Defendant asserts the defenses of Eleventh Amendment immunity, absolute prosecutorial immunity, and qualified immunity in her motion to dismiss. Defendants are generally entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[4] "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[5] The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed.[6] Additionally, defendant's motion to dismiss, if granted, would dispose of the case. No party suggests that resolution of the dispositive motion is dependent on information that would be gained through discovery.

---

[3] *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

[4] *Siegert*, 500 U.S. at 232–33.

[5] *Id*. at 232; *see also Gallegos v. City and Cnty. of Denver*, 984 F.2d 358, 361 (10th Cir. 1993) ("A successful claim of qualified immunity allows a public official to avoid the burdens of discovery and litigation, as well as liability." (citing *Harlow*, 457 U.S. at 817–18)).

[6] *Siegert*, 500 U.S. at 233 ("The entitlement is an *immunity from suit* rather than a mere defense to liability . . . ." (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original)).

Accordingly, discovery at this point is unnecessary and potentially wasteful. Indeed, on May 9, 2017, the undersigned magistrate judge received an e-mail from plaintiff's counsel confirming he had no objection to defendant's motion being granted.

In consideration of the foregoing, and upon good cause shown,

IT IS HEREBY ORDERED:

1) Defendant's motion to stay (ECF No. 8) is granted.

2. All pretrial proceedings in this case, including discovery and initial disclosures, are stayed until further order of the court.

3. Should the case survive the pending motion to dismiss, counsel shall confer and submit a Rule 26(f) planning meeting report to the undersigned's chambers within 14 days of the ruling on the motion.

Dated May 10, 2017, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge